IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVONNE OLGUIN and
RYAN OLGUIN,

       Plaintiffs,

v.

VITAL RECOVERY SERVICES, INC.,

       Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### Introduction

1. Defendant, Vital Recovery Services, Inc. ("VRS"), engaged in deceptive and abusive debt collection practices in its attempts to collect a time barred debt from Plaintiffs, Yvonne Olguin and Ryan Olguin.

2. Plaintiffs seek damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA 1978 ("UPA").

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

4. Plaintiffs, Yvonne Olguin and Ryan Olguin, reside in Belen, New Mexico. They are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, Vital Recovery Services, Inc., is a foreign corporation whose principal business is the collection of consumer debts. VRS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. VRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

6. On or about April 29, 2002, the Olguins purchased a vehicle from Zangara Dodge.

7. The Olguins and Zangara executed a retail installment sales contract ("RISC"), to finance the vehicle sale.

8. Zangara assigned the RISC to WFS Financial.

9. The Olguins stopped making payments on the vehicle in 2003 and, shortly thereafter, WFS Financial repossessed the vehicle.

10. The Olguins made no further payments after the repossession.

11. WFS Financial informed the Olguins of its intention to sell the vehicle on October 29, 2003.

12. Upon information and belief, the sale of the vehicle by WFS Financial resulted in an alleged deficiency balance (the "Alleged Debt").

13. Upon information and belief, WFS Financial, or its successor in interest, sold or assigned the right to collect the Alleged Debt to VRS.

14. The Alleged Debt is time-barred under NMSA 1978, § 55-2-725(1) (1961) which provides for a four year statute of limitations on an action for the breach of any contract for sale of goods. *First National Bank v. Chase*, 118 N.M. 783, 786 (1994).

15. The statute of limitations began to run in 2003, when the Olguins stopped making payments required under the RISC.

16. On or about January 20, 2010, VRS sent Mrs. Olguin a debt collection letter regarding the Alleged Debt.

17. On or about the end of January 2010, the Olguins received a telephone call from VRS.

18. During the telephone call, the VRS representative called Mrs. Olguin a "bitch" and stated that Mr. Olguin was "not a man," because they had not paid the Alleged Debt.

19. The Olguins also received a number of calls that displayed Caller ID information as "incomplete data" and/or an ID number of 000-000-0000. Upon information and belief, VRS also placed these calls.

20. VRS sent the Olguins several additional debt collection letters. The date on the last of these letters was September 28, 2010.

21. On or about October 6, 2010, Mrs. Olguin called VRS at 1-888-356-4495 to request an explanation of the September 28, 2010 letter.

22. During the telephone call, the VRS representative asked Mrs. Olguin to provide her name and account number. Mrs. Olguin provided the requested information.

23. The VRS representative also asked Mrs. Olguin to provide her Social Security Number.

24. When Mrs. Olguin declined to provide VRS with her Social Security Number, the VRS representative stated that VRS already had her Social Security Number.

25. The VRS representative further stated that VRS was going to look up everything the Olguins owned, put a lien on it, and sue them.

26. VRS knew, or should have known, that the Alleged Debt is barred by the statute of limitations.

27. Upon information and belief, VRS has never sued a New Mexico consumer to collect on an alleged debt.

28. Upon information and belief, VRS had no intention of initiating a lawsuit against Mr. and Mrs. Olguin to collect the Alleged Debt.

29. Upon information and belief, VRS engages in a pattern of abusive conduct in connection with the collection of consumer debt.

30. The foregoing acts and omissions were undertaken by VRS willfully, maliciously, knowingly, and in conscious or reckless disregard of the rights of the Olguins.

31. As a result of Defendant VRS's actions, the Olguins suffered actual damages, including fear and apprehension, embarrassment, humiliation, frustration, aggravation and lost time.

### First Claim for Relief: Violations of the FDCPA

32. VRS's actions violate the FDCPA, including 15 U.S.C. §§1692e, 1692e(5) and 1692e(10).

33. The Olguins are entitled to recover statutory damages, actual damages, and reasonable attorney fees and costs.

### Second Claim for Relief: Violations of the Unfair Practices Act

34. VRS's actions occurred in the regular course of its trade or commerce.

35. VRS's actions constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the UPA, NMSA 1978 §57-12-2(D) and (E).

36. VRS willfully engaged in these unlawful trade practices.

37. The Olguins are entitled to recover actual damages or statutory damages trebled, and reasonable attorney fees and costs.

38. The Olguins are entitled to obtain an injunction to halt VRS's unlawful conduct.

## Request for Relief

The Olguins request that this Court award:

A. Statutory and actual damages, for VRS's violations of the FDCPA;

B. Statutory or actual damages, trebled, for VRS's violations of the UPA;

C. Reasonable attorney fees and costs;

D. Injunctive relief enjoining VRS from using profanity when talking to debtors;

E. Injunctive relief enjoining VRS from misrepresenting its intention to initiate legal action in connection with a time barred debt; and

F. Such other relief as the Court deems just and proper.


Respectfully submitted,


_____
CHARLES PARNALL
FEFERMAN & WARREN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773 phone
(505) 243-6663 fax